Rosanne CARBAJAL, Plaintiff-
Appellants,

v.

WELLS FARGO BANK, N.A., Succes-
sor, Wells Faro Bank Southwest, N.A.,
FKA Wachovia Mortgage, FSB, FKA
World Savings Bank, FSB (Wells Far-
go), Defendants-Appellees

No. 15-55744

United States Court of Appeals,
Ninth Circuit.

Submitted August 28, 2017 *
Pasadena, California

Filed September 21, 2017

Elaine Diane Etingoff, Esquire, Attor-
ney, Stephen R. Golden, Esquire, Senior
Litigation Counsel, Stephen R. Golden &
Associates, Pasadena, CA, for Plaintiff-Ap-
pellant

Robert Collings Little, Esquire, Attor-
ney, Jeremy E. Shulman, Attorney, Anglin
Flewelling Rasmussen Campbell & Tryt-
ten, LLP, Pasadena, CA, for Defendant-
Appellee

---

\* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R. App. P. 34(a)(2).

\*\* The Honorable Nancy D. Freudenthal, Chief
United States District Judge for the District of
Wyoming, sitting by designation.

\*\*\* This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

Before: W. FLETCHER, IKUTA,
Circuit Judges, and FREUDENTHAL,\*\*
Chief District Judge

MEMORANDUM \*\*\*

Rosanne Carbajal appeals from the dis-
trict court's dismissal of her federal and
state law foreclosure-related claims
against Wells Fargo. We have jurisdiction
pursuant to 28 U.S.C. § 1291. We review
de novo a dismissal for failure to state a
claim under Fed. R. Civ. P. 12(b)(6). *Colo-
ny Cove Props., LLC v. City of Carson,*
640 F.3d 948, 955 (9th Cir. 2011). We
affirm.

On appeal, Carbajal asserts two specific
issues: 1) Whether the Home Owners'
Loan Act (HOLA) preemption applies to
the conduct of successors to federal sav-
ings associations; and 2) whether Wells
Fargo Bank, N.A., holds any interest in
the promissory note or deed of trust origi-
nated by World Savings Bank, FSB.

Initially, we observe that Carbajal's
opening brief fails to comply with Federal
Rule of Appellate Procedure 28 and Ninth
Circuit Rules 28-2.5, 28-2.8, and 30-1.6.
Most troublesome are the failures to pro-
vide a procedural history, to specifically
identify the district court ruling presented
for review, and to support the argument
with appropriate citations to the district
court record.[1] While these deficiencies are
substantial, they do not compel dismissal
of the appeal. *See Ward v. Circus Circus
Casinos, Inc.,* 473 F.3d 994, 997 (9th Cir.

---

1. The district court dismissed Carbajal's First
Amended Complaint by minute order on Jan-
uary 23, 2015. However, the district court
provided Carbajal an opportunity to amend.
Carbajal filed her Second Amended Com-
plaint on February 16, 2015. The district
court dismissed Carbajal's Second Amended
Complaint by minute order on April 10, 2015.
The district court entered its Judgment of
Dismissal on April 15, 2015. Carbajal appeal-
ed from the Judgment of Dismissal.

2007) (declining to dismiss an appeal where the "procedural violations were not so egregious as to prevent Circus from meaningfully responding to the appeal").

### 1. Carbajal failed to show the district court misapplied HOLA preemption.

Carbajal claims the district court erred in applying HOLA preemption to the conduct of successors to federal savings associations. Carbajal's argument lacks merit because the district court did not rule that HOLA preemption applied to Wells Fargo's conduct. Rather, the district court, in its January 23, 2015 Order, dismissed Carbajal's negligence and misrepresentation claims for actions taken by either World Savings Bank or Wachovia based on HOLA preemption. This decision did not apply HOLA preemption to Wells Fargo's conduct. The district court's April 10, 2015 Order substantively considered and dismissed Carbajal's negligence and misrepresentation claims related to Wells Fargo's actions. This dismissal was not based on preemption, but was based on the merits of Carbajal's allegations. Carbajal's argument is misplaced and fails to establish any error by the district court.

### 2. Carbajal failed to show the district court erred in finding Wells Fargo held an interest in the promissory note or deed of trust originated by World Savings Bank

Carbajal also presents for review the issue of whether Wells Fargo held any interest in the promissory note or deed of trust originated by World Savings Bank. Carbajal fails to challenge the district court's finding that Wells Fargo obtained beneficial ownership of the loan through World Savings Bank becoming Wells Fargo through a name change and a merger. The district court properly relied on judicially noticed documents to find Wells Fargo obtained beneficial interest of the loan as a successor of World Savings Bank.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal."). Accordingly, we deny Carbajal's motion for judicial notice of documents that were available at the time of the motion to dismiss, but were not presented to the district court.

Carbajal filed a request for relief from failure to timely file a reply brief. Carbajal argues that allowing a reply is necessary to permit the appeal to be heard on the merits. The panel has substantively considered Carbajal's claims on the merits. Carbajal fails to assert any other specific reason for allowing an untimely reply brief. We deny Carbajal's pro se request for relief from failure to timely file a reply brief.

**AFFIRMED.**